07-1660-TSH

## **AFFIDAVIT OF TRENT EVERETT**

I, Trent Everett, being duly sworn, depose and say:

### **Introduction**

1. I am a Special Agent with the United States Secret Service ("USSS"), and have been so employed since January 2004. Prior to being appointed a Special Agent, I served as a Federal Police Officer with the United States Secret Service Uniformed Division. As a Federal Police Officer, I worked at the White House in Washington, D.C., serving as both an Officer and a Technician on the Emergency Response Team. I am a graduate of the Federal Police Training Program and the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynn County, Georgia, and the Special Agent Training Program at the James J. Rowley Center at Laurel, Maryland. During these courses, I received specialized training in the investigation of various federal crimes including, but not limited to, counterfeiting of checks, counterfeiting of United States currency, bank fraud, and credit card fraud.

2. I am currently assigned to the New England Electronic Crimes Task Force, which consists of federal, state and local agencies cooperating to investigate bank fraud, check fraud, credit card fraud, identity theft and electronic crimes and to provide computer forensics support to ongoing investigations. I have conducted interviews of victims and suspects, mobile and static surveillance, and searches of residences and businesses. I have executed numerous federal and state arrest and search warrants. In addition, as part of these investigations, I have worked with investigators from various banks and corporations to gather, collate, and analyze data

3. I base this affidavit on my own personal knowledge as learned through my

investigation of the crimes described herein and my conversations with others, including other investigating officers. This affidavit is submitted only for purposes of establishing probable cause in support of a criminal complaint charging Steven Soto ("Soto") and Yessica Amaro ("Amaro") with violating 18 U.S.C. §1341 (mail fraud), §1343 (wire fraud), and §1028A (aggravated identity theft). Therefore, this affidavit does not contain all facts known to the USSS and other law enforcement agencies with regard to the individuals, entities and events described herein.

## Criminal Conduct

4.    On April 28, 2006, I met with officers of the Lynn, Massachusetts Police Department and the Massachusetts State Police with regard to an investigation of individuals who were purchasing automobiles and motorcycles with counterfeit checks and cashing counterfeit checks at various bank locations. I learned that the Lynn District Court had issued an arrest warrants for Steven Soto of 56 Lawrence Road, Lynn, Massachusetts ("Soto") for uttering counterfeit checks.

5.    Later on April 28, 2006, I accompanied local and State Police officers to execute the arrest warrant for Steven Soto at 56 Lawrence Road. Soto then resided, and continues to reside at 56 Lawrence with his parents, Carmen and Pedro Soto, and his brother, Pedro Soto, Jr. Upon arrival at 56 Lawrence Road, an officer saw, through a garage window, a motorcycle that had been reported stolen in Danvers, Massachusetts. Officers also obtained, from the Lynn District Court, a warrant to search 56 Lawrence Road.

6.    Also on April 28, 2006, I participated, along with officers of the Lynn

Police Department, North Reading Police Department, and Massachusetts State Police, in executing the search warrant at 56 Lawrence Road. Among the items seized during the search warrant were three stolen motorcycles, a Dell desk top computer, official bank checks, Massachusetts driver's licenses in various names, fraudulent documents purporting to have been issued by the Massachusetts Registry of Motor Vehicles ("RMV"), and counterfeit bank documents. Also seized was handwritten document, which appeared to be Soto's first-person account of his participation in various criminal activities.

7.   The desktop computer seized during the search of 56 Lawrence Road was subsequently searched pursuant to a state search warrant. A forensics examination of that computer revealed images of checks, driver's licenses, a typed version of the first-person account of Steven Soto's participation in various criminal activities (described in paragraph 7 above), Massachusetts RMV documents, and fraudulent lien releases for vehicles. (This investigation has revealed that, on several occasions, fraudulent lien releases were presented to the Massachusetts RMV to obtain clear title to a vehicle on which a finance company had placed a lien because a loan was outstanding. The fraudulently-obtained titles were then used to sell the vehicles.)

8.   The names on driver's licenses found scanned into the computer seized at 56 Lawrence Road included Christine Escribano. During the course of this investigation, law enforcement officers have gathered evidence that Soto and Amaro have used these identities and others to purchase cars and motorcycles and/or to negotiate counterfeit checks. For example, on March 28, 2006, St. Jean's Credit Union in Lynn, Massachusetts issued a bank check in the amount of $6.95 and made payable to

motorcycles.com and/or Steven Soto. On that same day, Motorcycle of Manchester, a motorcycle dealer located in Manchester, New Hampshire, sold a 2003 Suzuki motorcycle to a buyer who identified herself as Christine Escribano and paid with a counterfeit St. Jean's Bank Credit Union bank check in the amount of $6,955. It appears that the actual St. Jean's bank check issued in the amount of $6.95 was scanned into the computer seized at 56 Lawrence Road and that the image was then altered to change the amount to $6,955. On April 5, 2006, the manager of Motorcycles of Manchester identified Soto and Amaro as the purchasers of the motorcycle. According to the manager, Amaro introduced herself as, and provided a driver's license in the name of, Christine Escribano.

9. It is apparent that the computer seized at 56 Lawrence Road was used to generate documents used in fraudulent transactions such as the one described above. Images of bank checks located on that computer match bank checks found during the search of 56 Lawrence Road. They also match counterfeit checks that have been used to purchase cars and motorcycles. Other documents apparently generated by using that computer include fictitious employment pay stubs, fraudulent lien releases, fraudulent driver's licenses, and fraudulent titles of ownership.

### Fraud Committed Using Christine Escribano's Identity

10. There is probable cause to believe Soto and Amaro committed the following fraudulent acts using Christine Escribano's identity:

    A. On March 28, 2006, a man and a woman purchased a 2003 Suzuki motorcycle from Motorcycles of Manchester, Manchester, New Hampshire. Massachusetts. The woman introduced herself as Christine Escribano and the man told

4

the salesperson that the motorcycle would be purchased in Christine Escribano's name. The woman provided the dealership the true name date of birth, address, and social security number of Christine Escribano. (Christine Escribano has informed me that she does not know Soto or Amaro and did not authorize their use of her name or identification.) The woman and man paid for the motorcycle with a counterfeit bank check that purported to have been issued by St. Jean's Credit Union. At the time of the sale, Motorcycles of Manchester provided the buyers an Assignment of Certificate of Title to be filed with the Massachusetts RMV in order to cause the RMV to issue a new title in Christine Escribano's name. In the normal course, the RMV would mail the title to the person and address identified on the Assignment of Certificate of Title. However, before that document was submitted to the RMV, it was amended, by forgery, to indicate that the title had been assigned to Salvador Shower of 44 Park Street, Lynn, Massachusetts. Salvador Shower is Soto's uncle and has informed me that he was unaware of his name or address being used for this purpose. Based on the filing of the forged Assignment of Certificate of Title, the RMV issued the title in the name of Salvador Shower and mailed it to 44 Park Street on April 12, 2006. An associate of Soto, Willy Lopez, posing as Salvador Shower subsequently sold the motorcycle to a third party and gave the buyer the title in the name of Salvador Shower. When shown photo arrays that included Soto and Amaro, the office manager of Motorcycles of Manchester stated that Soto and Amaro looked familiar.

      B.    Soto and Amaro effected a nearly identical fraud on Kelly Power Sports, Danvers, Massachusetts on April 1, 2006. On that date, Amaro, accompanied by Soto, purchased a 2003 Suzuki motorcycle from Kelly Power Sports. (A dealership

employee has identified Amaro and Soto as the buyers.)  Amaro introduced herself to the salesman as Christine Escribano and provided Christine Escribano's Massachusetts driver's license as identification.  Amaro paid with a counterfeit bank check that purported to have been issued by St. Jean's Credit Union.  As with the transaction with Motorcycles of Manchester described above, a forged Assignment of Certificate of Title was filed with the RMV indicating that a new title should issue to Salvador Shower of 44 Park Street, Lynn, Massachusetts.  Based on the filing of the forged Assignment of Certificate of Title, the RMV issued the title in the name of Salvador Shower and mailed it to 44 Park Street in April 2006.  Willy Lopez, posing as Salvador Shower, subsequently sold the motorcycle to a third party and gave the buyer the title in the name of Salvador Shower.

      C.    On April 18, 2006, a woman introducing herself as Christine Escribano and providing Christine Escribano's Massachusetts driver's license as identification purchased two motorcycles from North Reading Motor Sports in North Reading, Massachusetts.  She paid for the two motorcycles using a counterfeit St. Jean's Credit Union bank check.  Forged Assignments of Certificate of Title were subsequently filed with the RMV indicating that title to one of the motorcycles should be issued to Pedro Soto, 44 Park Street, Lynn, Massachusetts and title to the other should issue to Abraham Dominguez, 16 Richard Street, also in Lynn.  The RMV subsequently mailed titles to those addresses.  During the search of 56 Lawrence Road described in paragraph 7 above, both of these motorcycles were recovered, along with Massachusetts registration cards for both vehicles, in the names of Pedro Soto and Abraham Dominguez.

### Fraud Involving Other Vehicles

11.     During the course of this investigation, I have identified numerous other transactions involving vehicles or vehicle financing in which Soto and Amaro have been directly involved. Each of these transactions include at least one of the indicators of fraud described above, such as the use of counterfeit bank checks, fraudulent lien releases, and forged Assignments of Certificate of Title. The forged Assignments of Certificate of Title purport to be notarized by Milagros Espinal. I have spoke to Milagros Espinal who informed me that the notary seal appearing on such documents is itself a forgery. In other cases, Soto held himself out to be the owner of Meadowpark Auto Sale, an automobile dealership, in order to obtaining financing for the sale of an automobile where, in fact, no automobile was being sold. Bank records and records on file with the City of Salem, Massachusetts indicate that Soto held himself out to be the owner of Meadowpark Auto Sale.

### Fraud Committed Using Gregory Bradley's Identity

12.     On Friday February 2, 2007, I was informed by Eastern Bank that, in December 2006, somebody opened a checking account in December of 2006 under the name Aggressive Construction, identifying Gregory Bradley as the owner of the business. A photograph taken of the person opening that account depicts Soto. Detective Thomas Mulvey of the Lynn Police Department informed me that Gregory Bradley is a real person who resided in Lynn, Massachusetts. A criminal history check on Gregory Bradley revealed that, in December 2006, Gregory Bradley was, and continues to be, incarcerated at the Essex County House of Correction. The Essex County Sheriff's

Department has confirmed that Gregory Bradley is incarcerated at Essex County House of Correction. Based on this information, Eastern Bank issued a fraud alert on the checking account opened in the name Aggressive Construction. The fraud alert instructed employees of Eastern Bank to detain anyone trying to access these accounts and contact local authorities.

13. Later on Friday, February 2, 2007, Saugus police officers arrested Soto at the Eastern Bank branch on Route 1 in Saugus, Massachusetts. Soto had attempted to cash a check in the amount of $5,700 in the name of Gregory Bradley at that bank branch. According to the teller, Soto provided, as identification, a Massachusetts driver's license and American Express card in the name of Gregory Bradley as identification. The teller, aware of the fraud alert, contacted the branch manager who, in turn, called the police. The Saugus police contacted Lynn Police Detective Mulvey, who went to the bank and recognized Soto as the person who had posed as Gregory Bradley and tried to cash the $5,700 check.

14. Upon arrival at the bank, immediately before arresting Soto, police officers, including Detective Mulvey, saw a 2006 Chrysler 300C bearing Massachusetts license number 278HT0 in the bank parking lot. When police officers escorted Soto out of the bank, one of the officers noticed Soto make a head gesture to the driver of the car, an hispanic woman. The driver immediately left the area. A registration check of the Chrysler 300C revealed that the vehicle had been purchased on January 29, 2007 and was registered on February 2, 2007 in Gregory Bradley's name .

15. The police transported Soto to the Saugus Police Department for

booking. Prior to booking, Soto made a phone call. The booking officer heard Soto say, "Don't show up at the police station with the Chrysler," and "Call Jeff – he'll know what to do with the cars".

16. Shortly after Soto's arrival at Saugus Police Department, Amaro entered the Saugus Police Department asking to pick up keys from Soto. When a police officer asked Amaro for identification, she said she had to go to her car. After Amaro walked out of the station, Detective Mulvey went out and saw her seated in the driver's seat of the same 2006 Chrysler 300C, bearing Massachusetts license number 278HT0, he had seen in the bank parking lot earlier that day. There was another woman, later identified as Kim seated in the front passenger seat. Litwin resides at of 14 Moulton Street, Lynn, Massachusetts, First Floor. Both women stated that the vehicle belonged to Gregory Bradley and stated that Bradley had purchased the vehicle a few days earlier.

17. Gregory Bradley, whose last known residence was in Lynn, Massachusetts, is well known to Detective Mulvey. Detective Mulvey was aware at the time of his encounter with Amaro and Litwen that Gregory Bradley was incarcerated at the Essex County House of Correction and has been so incarcerated since August of 2006. Detective Mulvey therefore knew that Bradley could not have been purchased the 2006 Chrysler 300C. Nor could Bradley have registered the car. Based on the knowledge that the car was falsely registered in Bradley's name and on evidence that the car had been obtained by a person or persons who unlawfully used Bradley's identity, the police took possession of the Chrysler and subsequently conducted an inventory search of the car. During the inventory search, police found, among other things, documents indicating that Gregory Bradley purchased the Chrysler from Melrose Dodge on January

1, 2007; purchased a 2006 Dodge Charger, also from Melrose Dodge in Melrose, Massachusetts, on December 11, 2006; and purchased a 2000 Mercedes Benz S430 from Prestige Motors in Malden, Massachusetts, on January 19, 2007. The documents found also included Durable Powers of Attorney giving Kim Litwin and Steven Soto power of attorney for Gregory Bradley. Police also found a Gateway laptop computer in the car.

18. Gregory Bradley's attorney has since stated that his law firm in fact drafted the Durable Power of Attorney for Kim Litwin on behalf of Gregory Bradley. Litwin is Gregory Bradley's aunt. The attorney further stated his firm did not prepare the Durable Power of Attorney for Steven Soto and that the document appeared to be a forgery.

19. I have interviewed Gregory Bradley. Bradley met Soto in the summer of 2006. According to Bradley, he has not authorized Soto to use Bradley's identity for any purpose.

20. Pursuant to a search warrant issued by the United States District Court, District of Massachusetts (Hillman, M.J.), the USSS searched the Gateway computer seized in the Chrysler and found, among other images, W-2 forms in the names of Carmen Soto and Gregory Bradley, pay stubs showing payments from Paradise Real Estate to Manuel Shower and Gregory Bradley; and a Comcast Bill in the name Gregory Bradley.

21. Employees of Melrose Dodge have identified Soto, through the use of a photo array, as the person who purchased the above-mentioned 2006 Chrysler 300C and 2006 Dodge Charger in Gregory Bradley's name. Likewise, an employee of Prestige Motors identified Soto, through the use of a photo array, as the person who purchased the above-mentioned 2000 Mercedes Benz S430 in the name of Gregory Bradley. For each

of these purchases, Soto presented identification that purported to be Gregory Bradley's identification. For each of these purchases, Soto, posing as Gregory Bradley, obtained financing for the car through the dealership. To effect each transaction, documents such as credit applications and pay stubs were faxed between the dealership and Paradise Real Estate, a business owned by Soto's father, Pedro Soto.

22. According to the manager of Townline Storage, which makes storage units available for rental at 9 Linehurst Road (Route 1), Malden, Massachusetts, a man who identified himself as Pedro Soto rented storage unit number 560 on April 2, 2007. The manager described Pedro Soto as looking "like Prince with long hair." (I understood the manager to be referring to the musician, Prince.) During the course of this investigation, I have learned of and observed three men named Pedro Soto and related to Soto: Soto's father, brother, and uncle. The description the manager gave of Pedro Soto does not match any of these three men. It is, though, an accurate description of Soto. I obtained permission to enter the storage unit adjacent to the unit rented to the person matching Soto's description. The walls separating storage units do not reach the ceiling. Between the top of the wall and the ceiling of the storage unit is a gap of approximately 12 inches. Through this gap I saw a white Dodge Charger. The 2006 Dodge Charger Soto purchased from Melrose Dodge using Gregory Bradley's name was white.

23. In addition to using Gregory Bradley's identity to purchase automobiles, it appears that Soto, with the assistance of his father, Pedro Soto, has used Gregory Bradley's identity to purchase real estate on several occasions. The following are examples:

    A.    55 Lawrence Street, Salem, Massachusetts ("55 Lawrence

11

Street"): In early November 2006, Beatrice Jimma Shea ("Shea") contacted Pedro Soto, Soto's father and owner of Paradise Real Estate, to seek assistance locating tenants for her three-unit house at 55 Lawrence Street. Pedro Soto introduced Shea to Soto, claiming Soto was Gregory Bradley. In November 2006, Shea and Soto, posing as Gregory Bradley, executed a lease agreement with an option to purchase 55 Lawrence Street. In that document, Soto listed 14 Moulton Street as Gregory Bradley's address. In addition, in December 2006, an attorney for Shea sent correspondence addressed to Gregory Bradley to 14 Moulton Street. In January 2007, unbeknownst to Shea, somebody filed with the Registry of Deeds a forged power of attorney that purports to give Gregory Bradley power of attorney for Shea. Also in January 2007, again unbeknownst to Shea, somebody filed three deeds with the Registry purporting to convey each of the three units of 55 Lawrence Street to Gregory Bradley and to another person. Each of the deed was signed "Jimma Shea POA Gregory Bradley." Based on records maintained by the Registry of Deeds, I have learned that, on February 27, 2007, unit #3 of 55 Lawrence Street, which had been fraudulently deeded to Gregory Bradley, was sold to a third party for $230,000.

      B.     399 Orange Street, Springfield, Massachusetts ("399 Orange Street"): In January 2007, Soto's father, Pedro Soto, told the real estate broker representing the person selling 399 Orange Street that he was a buyer's broker representing Gregory Bradley. Pedro Soto negotiated the purchase of 399 Orange Street and a man posing as Gregory Bradley purchased the property. To effect the purchase, the man posing as Gregory Bradley obtained financing in the amount of $169,915 from InterBay Funding LLC. I have interviewed the attorney who represented the seller at the

real estate closing and in whose presence the man posing as Gregory Bradley executed the mortgage agreement and other documents. I showed that attorney a photo array including Soto and asked if he could identify the man who identified himself as Gregory Bradley at the closing. The attorney stated he could not be 100 percent sure. However, he described the person as having long, braided hair, a description that fits Soto. The attorney stated that he sent Pedro Soto a commission check for the transaction via FedEx to Paradise Real Estate on January 22, 2007.

24. Based on the foregoing, there exists probable cause to believe that, in December 2006 and January, in the District of Massachusetts and elsewhere, Soto, and others, having devised and having intended to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did transmit, cause to be transmitted, and aided and abetted the transmission by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of 18 U.S.C. §§1343 and 2. There also exists probable cause to believe that, in April 2006, in the District of Massachusetts and elsewhere, Soto, and others, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises concerning material facts and matters, for the purpose of executing and attempting to do so, did cause persons to place in post offices and authorized depositories for mail matter, matters and things to be sent and delivered by the United States Postal Service or by private or commercial carrier, and caused to be deposited matters and things to be sent or delivered by the United States Postal Service or

by a private or commercial interstate carrier, and took and received therefrom, such matters and things, and knowingly caused to be delivered by the United States Postal Service mail or by private or commercial carrier according to the directions thereon, such matters and things, in violation of 18 U.S.C. §§1343 and 2. There also exists probable cause to believe that, on various dates in 2006 and 2007, in the District of Massachusetts and elsewhere, Soto and Amaro did knowingly, and with intent to defraud, transfer, possess and use, without lawful authority, means of identification of other persons, in connection with, and with the intent to commit, and aid and abet in the commission of, ne or more violations of 18 U.S.C. §§ 1341 and 1343 (Wire Fraud), in violation of 18 U.S.C. §§1028A and 2.

    Subscribed and sworn to under the penalties of perjury.

_____
Trent Everett
Special Agent
Secret Service

Subscribed and sworn to before me this 16th day of May, 2007.

_____
TIMOTHY S. HILLMAN
United States Magistrate Judge