UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | * | |
| v. | * | Criminal No.  07-10228-JLT |
| | * | |
| | * | |
| STEVEN SOTO, | * | |
| | * | |
| Defendant. | * | |

ORDER

June 23, 2010

TAURO, J.

Presently at issue are <u>Defendant's Motion to Suppress Evidence Seized Following a Search of 56 Lawrence Road, Lynn, MA</u> [#125] and <u>Defendant's Motion to Suppress Evidence Seized from Dell Desktop Computer</u> [#133].

On April 28, 2006, at approximately 3:30 p.m., several law enforcement officers went to 56 Lawrence Road, Lynn, Massachusetts ("56 Lawrence Road"), to serve warrants for the arrest of Defendant, Steven Soto, and his brother, Pedro Soto.[1]  56 Lawrence Road is a two-story single family home with an attached two car garage located on the right side of the house.[2]  Upon arriving at that address, certain officers approached the front door, while others "took up various

---

[1] Def.'s Mot. to Suppress [#125], Ex. C., Aff. of Thomas Mulvey,  ¶ 5 [hereinafter "Warrant Aff."].  Arrest warrants were issued for both Pedro and Steven Soto, however, only Steven Soto is named in the Indictment.

[2] Warrant Aff., ¶ 4; 6/22/10 Hearing, Ex. 6.

1

positions around the house looking for signs of movement in case the subjects attempted to resist or flee."[3]

One of the officers executing the arrest warrants, Detective Mike Murphy, entered a sideyard area adjacent to the residence through a gap in a fence which separated the sideyard from an area next to the driveway and the garage.[4] After entering the sideyard, Detective Murphy looked through a garage window with his flashlight.[5] He saw a license plate on a motorcycle which the police later learned was reported stolen.[6]

Detective Murphy could not have observed the license plate through the window with his flashlight without entering the fenced-in area. The window stood behind the tall wooden fence a number of feet from the gap.[7] The blinds of the window were almost completely closed but for a few inches.[8] The garage was dark.[9]

The officers' "[a]ttempts to contact occupants of the home were met with negative results" and they "subsequently set up a surveillance of the residence."[10] At approximately 5 p.m.,

---

[3] Warrant Aff., ¶ 5.

[4] See id. Detective Murphy also testified regarding his movements on April 28, 2006 during an Evidentiary Hearing held on the Motion on June 22, 2010. A transcript for the Evidentiary Hearing is not yet available.

[5] Warrant Aff., ¶ 5; Murphy Testimony (6/22/10).

[6] Warrant Aff., ¶ 5; Murphy Testimony (6/22/10).

[7] Murphy Testimony (6/22/10); 6/22/10 Hearing, Ex. 6.

[8] Murphy Testimony (6/22/10); 6/22/10 Hearing, Ex. 6.

[9] Murphy Testimony (6/22/10).

[10] Warrant Aff. ¶ 5.

Defendant's father arrived at the residence,[11] and informed certain officers that Defendant was on his way "home," which the officers understood to be 56 Lawrence Road.[12]

Detective Thomas Mulvey of the Lynn Police Department then sought and obtained a search warrant for 56 Lawrence Road from the Lynn District Court, based on an affidavit that relied heavily on a description of Detective Murphy's sighting of the stolen motorcycle in the garage of 56 Lawrence Road.

Defendant, by this motion, seeks to suppress the fruit of that search. Specifically, he contends that the affidavit in support of the search warrant for 56 Lawrence Road was based upon information—namely, the sighting of a stolen motorcycle in the garage of the home—obtained in the course of an unconstitutional entry into the protected "curtilage" of the home. After an Evidentiary Hearing held on June 22, 2010, and in view of the Parties' written submissions, this court finds that Detective Murphy's entry into the fenced-in sideyard of 56 Lawrence Road was unconstitutional, as the Government failed to offer any evidence that the arresting officers reasonably believed that Defendant was present at that address at the time.

First, it is clear that the sideyard of 56 Lawrence Road constitutes "curtilage" under binding precedent.

To determine whether an area is within the curtilage of a home, and, therefore, is "so intimately tied to the home itself that it should be placed under the home's 'umbrella'"[13] for

---

[11]Id. ¶ 6.

[12]Murphy Testimony (6/22/10).

[13]United States v. Diehl, 276 F.3d 32, 37 (1st Cir. 2002) (quoting United States v. Johnson, 256 F.3d 895 (9th Cir. 2001)).

3

Fourth Amendment purposes, a court must conduct a fact specific inquiry focusing on the following four factors, announced by the Supreme Court in U.S. v. Dunn: "the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by."[14]

Here, the Dunn factors clearly support a finding that the fenced-in sideyard of 56 Lawrence Road is "curtilage." The area directly abuts the residence. The perimeter of the area is demarcated by a tall, wooden fence constructed out of slats with little or no space between them. These facts demonstrate that the residents of 56 Lawrence Road took steps to block passersby from viewing the area. That there is a gap in the fence, through which Detective Murphy entered the sideyard, does not outweigh this substantial evidence suggesting that "the area harbors the 'intimate activity associated with the 'sanctity of a man's home and the privacies of life.'"[15]

Second, there is no evidence that the officers executing the arrest warrants had a reasonable belief that either Defendant Steven Soto or his brother Pedro were present at 56 Lawrence Road at the time Detective Murphy entered the protected curtilage of the home.

It is well-settled that police executing an arrest warrant may enter a dwelling only if they "'reasonably believed' prior to entry that [the subject of the warrant] (1) resided at the apartment and (2) would be present."[16]

---

[14] 480 U.S. 294, 301 (1987).

[15] Dunn, 480 U.S. at 300.

[16] United States v. Graham, 553 F.3d 6, 12 (1st Cir. 2009).

Here, even if this court accepts, as the Government argues, that the officers executing the arrest warrants had a reasonable belief that Defendant and his brother resided at 56 Lawrence Road, there are no facts in evidence indicating that Defendant was present at 56 Lawrence Road at the time the officers attempted to execute the warrant.

At the evidentiary hearing on this motion, neither officer called by the Government offered any factual basis that would warrant this court in finding that they reasonably believed Defendant was present at that address at that time.  Indeed, the evidence was to the contrary.  Neither car associated with Defendant, a white Nissan Altima and a grey Mercedes, were parked outside 56 Lawrence Road at the time.  Earlier that day, law enforcement officers spotted the white Nissan Altima at another location in Lynn, a vacant hair salon on Lewis Street, the site of Defendant's later arrest.  Moreover, the Defendant's father, who arrived at the address after the police, indicated that Defendant was on his way "home" at the time, rather than on the property.

Importantly, this court is convinced that the tainted portion of the search warrant affidavit was not "mere surplusage,"[17] but instead served as the lynchpin for the application to obtain a search warrant for 56 Lawrence Road.  The observation of the stolen motorcycle is the only nexus between 56 Lawrence Road and the crimes alleged against Defendant.  Absent the observation of the stolen motorcycle, "[t]he remnants of the affidavit, together with whatever nonspeculative inferences might plausibly be drawn therefrom, are too meagre to warrant reasonably prudent persons believing that the articles sought . . . were likely located at the situs."[18]

---

[17] United States v. Curzi, 867 F.2d 36, 45 (1st Cir. 1989).

[18] Id. at 46.

For the foregoing reasons, <u>Defendant's Motion to Suppress Evidence Seized Following a Search of 56 Lawrence Road, Lynn, MA</u> [#125] and <u>Defendant's Motion to Suppress Evidence Seized from Dell Desktop Computer</u> [#133] are ALLOWED.

Finally, <u>Defendant's Motion to Suppress Statements Made to Police</u> [#128] is ALLOWED WITHOUT OPPOSITION.

IT IS SO ORDERED.

                                                  /s/ <u>Joseph L. Tauro</u>
                                          United States District Judge