**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )   **Criminal No 07-10228-JLT** |
| | ) |
| **STEVEN SOTO,** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT STEVEN SOTO'S MOTION TO EXCLUDE**
**EVIDENCE OF EASTERN BANK ACCOUNT, RELATED TESTIMONY,**
**AND OTHE EASTERN BANK DOCUMENTS SEIZED ON**
**2/2/07 IN SAUGUS, MA FROM SOTO**

Now comes defendant Steven Soto (Soto), by his attorneys Robert L. Peabody

and Robert S. Messinger of Nystrom Beckman & Paris and respectfully moves this

Honorable Court to exclude certain evidence, outlined below, that if admitted in the

government's case-in-chief would cause unfair prejudice to defendant and in violation of

FRE 403 – *Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Waste*

*of Time*.[1]

**The Eastern Bank Account –** *Gregory Bradley, Jr./Aggressive Construction*

Soto's primary objection involves the government stated intention to offer

evidence of Soto -- posing as Gregory Bradley, Jr. -- opening a *fraudulent* bank checking

account on or about December 13, 2006 with Eastern Bank under the d/b/a name of

Aggressive Construction, 111 Highland Avenue, Salem, MA. To this end, the

government intends to offer "live" testimony from *Teresa Sarno*, an Eastern Bank

employee, describing her face-to-face meeting with Bradley at an Eastern Bank Branch

on December 13, 2006 and assisting Soto complete account opening documents on that

---

[1] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the
danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue
delay, waste of time, or needless presentation of cumulative evidence." **FRE 403**.

occasion. Sarno will also testify that Soto identified himself as "Greg Bradley" throughout their encounter on 12/1/06 and will testify about further evidence, including, selecting Soto's photograph from a photographic array presented to her by the Saugus Police on 2/6/07 (*Government's Exh.18*) when asked to identify the "Gregory Bradley" individual who she met with both on 12/13/06 and again on 2/2/07.[2]  In addition, the government also intends to offer the complete Gregory Bradley, Jr/Aggressive Construction Eastern Bank file that illustrates a history of deposits, withdrawals, and checks written on that account from the account's opening until it was closed on 2/7/07 in the wake of Soto's arrest that same day by Saugus Police officers for the fraudulent opening the Eastern Bank account.[3]

Soto objects to admission of any testimony concerning the aforementioned Eastern Bank account opened by Soto on 12/13/06 (but listed in Gregory Bradley's name) and provided by Sarno or other witness as well as *Government's Ex. 18* – the photographic array of Sarno's identification of Soto. Soto also objects to admission of Gregory Bradley, Jr/Aggressive Construction account Eastern Bank records. Soto objects because admission of both testimonial and documentary evidence about the opening and subsequent use of this account by Soto/Bradley in front of the jury constitutes a violation by Soto of the federal Bank Fraud statute, 18 U.S.C. §1344 – indeed, a charge not brought against Soto or made part of the Second Superseding Indictment that he is currently on trial for.[4]

---

[2]  A copy of Teresa Sarno's Voluntary Statement describing her encounter with Soto at Eastern Bank and of the photographic array (Government Ex. 18) that, later, she was shown is attached as **Exhibit A**.

[3]  A complete copy of the Gregory Bradley, Jr./Aggressive Construction Eastern Bank account record, including deposits, checks, etc., is attached as **Exhibit B**.

Accordingly, the aforementioned evidence would unfairly prejudice Soto before the jury by allowing them to hear about <u>another</u> (and uncharged) instance of Soto using the "Gregory Bradley, Jr." identity to defraud Eastern Bank. In addition, for the jury to hear about Soto's 12/13/06 dealings with Eastern Bank with *Teresa Sarno* and review account records while using the Gregory Bradley, Jr. identity would lend significant and damaging credence to the fraud charges Soto is currently being tried on and also involving Gregory Bradley, Jr.'s identity. <u>See</u> <u>United States v. Amaya-Manzanares</u>, 377 F.3d 39, __ (1st Cir 2004) (proof of defendant's unlawful entry into the United States was "prejudicial" to defendant and excludable under FRE 403 because its prejudicial impact substantially outweighed its probative value, not because it hurt defendant, who was charged with use or attempted use of a forged green card, but because it introduced factors into case that might have encouraged jury to dislike or disapprove of the defendant independent of case merits); <u>and</u> <u>United States v. Gilbert</u>, 229 F.3d 15 24-25 (1st Cir. 2000) (trial court's decision to tread cautious path well within discretion where inflammatory nature FRE 404(b) evidence government sought to offer rendered it highly susceptible of being misused by jury during deliberations).

**Eastern Bank Check no. 670**

The government wants to offer additional prejudicial evidence that links Soto to the Gregory Bradley, Jr/Aggressive Construction account and to the Bradley identity. This evidence includes: **1)** a personal check from the Gregory Bradley/Aggressive

---

[4] Following his arrest by Saugus Police at Eastern Bank on 2/2/07, Soto was criminally charged by the Saugus Police with one Count each of *Uttering a False Check* (MGL c 267 §5b), *Identity Fraud* (MGL c 266 §1b), and *Forgery of a Check* (MGL c 267 §1b) in connection with his opening of the Gregory Bradley, Jr./Aggressive Construction account on 12/13/06, presenting Check no. 670 ($5,700) for cashing to teller Amy O'Hanley, and presenting both the MA driver's license and American Express card in the name of Gregory Bradley, Jr.

Construction account for $5,700 (*Check no. 670*) that Soto attempted to cash at the Eastern Bank branch in Saugus, MA on 2/2/07;[5] and **2)** live testimony from Eastern Bank teller *Amy O'Hanley* that she received the above-mentioned $5,700 check from an individual identifying himself as "Greg Bradley" and asking to cash the check. O'Hanley would also testify that during this transaction that the individual identifying himself as "Greg Bradley" handed her a MA driver's license in Gregory Bradley's name as well as an American Express credit card bearing Gregory Bradley's name. For the same reasons set forth above – Soto's conduct constitutes bank fraud -- and in view of the significant prejudice it would cause Soto in this case, Soto objects to the admission of Eastern Bank Check no. 670 for $5,700 and related testimony from teller *O'Hanley* that a person identifying himself as "Greg Bradley" (later identified as Soto) presented the check. (Soto does <u>not</u> object to the government's offering of the Gregory Bradley, Jr. MA driver's license and American Express card or to teller O'Hanley's testimony with respect to same. A copy these two forms of identification (*Government Ex. 21*) are attached as **Exhibit D**.)

**Documentary evidence seized from Soto on February 2, 2007**

Through testimony offered by Saugus Police Officers (Morello and Forni), the government also intends to offer evidence that the Saugus Police encountered Soto at Eastern Bank on 2/2/07 <u>after</u> being called to the bank by bank personnel and after Soto presented Check no. 670 to teller *Amy O'Hanley*. Following Soto's arrest that day, officers seized inculpatory *documents* from Soto's person (either at Eastern Bank or at booking) and from the vehicle (inventory search) that was observed by police parked

---

[5]  A copy of Check no. 670 for $5,700.00 made payable to *Gregory Bradley, Jr.* and bearing a "Gregory Bradley, Jr." signature (*Government's Ex. 22*) is attached as **Exhibit C**.

outside Eastern Bank (the Chrysler 300C/Melrose Dodge) and that was later seized by police when Soto's girlfriend (Yessica Amaro) brought the vehicle to the Saugus Police station later the same day.

The government intends to offer many of the above-mentioned documents taken from Soto or the vehicle on 2/2/07; some of which Soto does not object to. Nonetheless, Soto contends that certain documents are inadmissible as overly prejudicial and should be excluded by the Court from the government's case-in-chief.

Attached as **Exhibit E** are those documents taken either from Soto's person or motor vehicle on 2/2/07 and whose admission at trial Soto objects to. These documents comprise Government Ex. 19f, 19g, 19i, 19k, 19m, 19n, and 25**.**

Attached as **Exhibit F** are those documents taken either from Soto's person or motor vehicle on 2/2/07 and whose admission at trial Soto does not object to. These documents comprise Government Ex. 23, 24, and 26**.**

**Soto "unsolicited" statement to Det. Thomas Mulvey**

Finally, the government intends to offer testimony from Lynn Police Detective Thomas Mulvey. Det. Mulvey also came to Eastern Bank in Saugus on 2/2/07 and after entering the bank sees Soto, apparently, sitting in the public/customer area of the bank. At that point, when Soto sees Det. Mulvey, Soto says something to the effect of "you know me Tom, I'm Greg Bradley."

Soto asks the Court to exclude this apparent statement made by Soto because Soto has already moved, and the Court has suppressed, all statements made by Soto to law enforcement at Eastern Bank on 2/2/07. The government contends that this remark comes before the custodial interrogation of Soto that ensued once Saugus Police officers

confronted Soto and questioned him at the bank. Soto argues this remark should be suppressed/excluded because once law enforcement arrived on scene in response to reports of Soto's bank fraud it is clear from what had transpired at the bank and the purpose of the bank's call to the police that Soto would <u>not</u> have been allowed to leave.[6]

For these reasons, Soto respectfully requests that the Court exclude the testimonial and documentary evidence identified by Soto in this motion.

Respectfully submitted,

**STEVEN SOTO**
By his attorneys,

**s/Robert L. Peabody**
Robert L. Peabody
Robert S. Messinger
Nystrom, Beckman, & Paris
16th floor
10 St. James Avenue
Boston, MA 02116
617 778-9103

Dated: December 12, 2010

**CERTIFICATE OF SERVICE**

I, Robert L. Peabody, pursuant to Local Rules 5.2 (b) and 5.4 (c), hereby certify that a true copy of the above document was served on Assistant U. S. Attorney John A. Capin by electronic means on December 12, 2010.

**s/Robert L. Peabody**

---

[6] Moreover, Det. Mulvey's testimony about Soto's statement was <u>never</u> memorialized in any incident reports that he prepared during his investigation of Soto.